THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE CELL THERAPEUTICS, INC. CLASS ACTION LITIGATION, | CASE NO.: 10-CV-0414-MJP<br><br>**STIPULATED PROTECTIVE ORDER** |
| IN RE CELL THERAPEUTICS, INC. DERIVATIVE LITIGATION, | CASE NO.: 10-CV-00564-MJP |

Pursuant to Federal Rule of Civil Procedure 29 and in the interest of efficiency and judicial economy, and in the interest of avoiding significant ancillary litigation of discovery issues, the undersigned Plaintiffs and Defendants do hereby stipulate and agree to this protective order and the procedures set forth herein for designating and protecting Confidential Information in these actions.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth below, that this Stipulated [Proposed] Protective Order ("Protective Order") creates no entitlement to preserve Confidential

Information under seal, which will be determined by the Court in accordance with Local Civil Rule ("CR") 5(g).

The parties hereby stipulate as follows:

1. **Application.** This Protective Order shall apply to and govern all Discovery in these actions as contemplated by the Federal Rules of Civil Procedure, as well as any other material furnished, directly or indirectly, by or on behalf of any party or any non-party in connection with these actions, which that party or non-party designates as containing confidential and/or proprietary information.

　　(a)　"Discovery" includes, but is not limited to, depositions, documents, electronically stored information, other information or things produced in response to requests for production, answers to interrogatories, initial disclosures, responses to requests for admissions, and responses to non-party subpoenas.

　　(b)　As used in this Protective Order, "Disclosing Party" shall refer to any party or non-party in these actions that gives testimony, or produces or serves Discovery. "Receiving Party" shall refer to any party in these actions that receives Discovery.

2. **Confidential Information.** A Disclosing Party may designate any Discovery as "Confidential Information" if the Disclosing Party reasonably believes the Discovery constitutes or includes non-public proprietary, technical, business or financial information; sensitive personal health, employment and financial information, and/or other sensitive personal information; information furnished to it in confidence by any non-party, which information is not known or freely accessible to the general public; or information that the Disclosing Party currently maintains as confidential and is seeking to continue to maintain as confidential.

3. **Document.** When used in this Order, the word "Document" encompasses, but is not limited to, any type of document, electronically stored information, or testimony, including all documents or things described in Federal Rule of Evidence 1001(1)-(4) and/or Rule 34(a).

4. **Use of Discovery.** In the absence of written permissions from the Disclosing Party, or an order of the Court, material designated as Confidential Information in these actions

shall be used solely for the purposes of conducting the litigation, or preparing for trial, including any appeals, and not for any other purpose whatsoever, and shall not be disclosed to any person except as provided in ¶ 10 below.

**5. Time of Designation.** Unless otherwise agreed to, the designation of Confidential Information shall be made at the following times:

(a) For documents or electronically stored information, at the time of production of the designated document or electronically stored information;

(b) For declarations, affidavits, discovery responses, court filing, and pleadings, at the time of service or filing, whichever occurs first;

(c) For testimony, either (i) at the time that such testimony is given or (ii) within fifteen (15) days after the receipt by the Disclosing Party of the final transcript of such testimony. The parties shall treat all deposition and other testimony as Confidential Information hereunder, until the expiration of fifteen (15) days after the receipt of the final transcript of such testimony by counsel, unless otherwise agreed to by the parties or ordered by the Court.

**6. Manner of Designation.** Unless otherwise agreed, the designation of Confidential Information shall be made in the following manner:

(a) For documents, electronically stored information, discovery responses, declarations, affidavits, court filings, and pleadings, by designating each page of such document as "Confidential," or if impracticable, by designating the first page of every document as "Confidential";

(b) For tangible things, such as magnetic tape, video, or audio recordings, and computer-related media, by placing a designation on the object indicating that it is "Confidential," or, if impracticable, on the container containing the tangible thing(s), or as otherwise agreed to by the parties;

(c) For testimony, (i) by orally stating that the testimony is "Confidential" on the record at the time the testimony is given; or (ii) within fifteen (15) days after receipt by the Disclosing Party of the final transcript of such testimony by giving written notice of the page(s)

1 and line number(s) designated as "Confidential." The court reporter shall place the appropriate
2 designation on each page of the transcript so designated at the time of preparation of the
3 corresponding transcript, which transcript shall be separately bound and conspicuously marked
4 as containing Confidential Information on its cover. The parties may modify this procedure for
5 any particular deposition or proceeding through agreement on the record at such deposition or
6 proceeding or otherwise by written agreement, without further order of the Court. Any
7 document or portion of the deposition record reflecting such Confidential Information shall be
8 sealed and stamped "Confidential," and access thereto and handling thereof shall be limited
9 pursuant to the terms of this Protective Order.

**7. Subsequent Designation.** Discovery, other than testimony, may be retroactively designated with proper designation at any time after its service, filing, or production. Any such subsequent designation under this paragraph shall not constitute, nor be construed as, a waiver of designation and protection as Confidential Information in these actions or in any other action. The disclosure of material before it is subsequently designated as Confidential Information shall not constitute violation of this Order. In the event that material is disclosed by the Receiving Party to a non-party prior to its designation as Confidential Information, the Receiving Party shall notify the Disclosing Party of such, in writing, and make a reasonable effort to notify the non-party of the designation, and secure the return of the subsequently-designated material or the non-party's certification that the subsequently-designated material has been destroyed. If the non-party refuses to return or certify that they have destroyed such material, then the Disclosing Party bears the burden of seeking appropriate relief from the Court.

**8. Use of Good Faith in Designating Materials for Protection.** The Disclosing Party shall designate documents in good faith, and shall not indiscriminately designate documents, so that produced documents are not over-designated as Confidential Information. Nor shall designations be made for an improper purpose (*e.g.* to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties). Any party may object to the designation of material as Confidential Information. Each

party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under Federal Rule of Civil Procedure 26(c)(1).

**9. Challenging Confidentiality Designations.** A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time Discovery so designated is produced, and a failure to do so shall not preclude a subsequent challenge thereto. If any party believes that Confidential Information has been improperly designated or should not be treated as such, that party shall notify the Disclosing Party of its belief and the basis for that belief. Counsel for the parties shall endeavor to reach an agreement regarding the designation of such Confidential Information within fifteen (15) days of the notice of the disagreement. If no agreement is reached at that time, the Disclosing Party may request appropriate relief from the Court by filing a motion with the Court. The Disclosing Party bears the burden of establishing that the material is entitled to protection as Confidential Information. Until the Court resolves the motion, the Confidential Information shall be treated subject to the terms of this Protective Order. In the event that the Court rules that the challenged material is not properly designated, the Disclosing Party shall reproduce copies of all such materials without the "Confidential" labeling, at the expense of the Disclosing Party, within fifteen (15) days of the Court's ruling.

**10. Disclosure of Information Designated "Confidential."** Confidential Information may only be disclosed, and copies may only be provided, to the following persons, subject to the limitations set forth in this Protective Order:

(a) The parties, including individual representatives of the parties (which would include any proposed class representatives, but does not include unnamed putative class members);

(b) In-house counsel and outside counsel for the parties, including partners, associates, secretaries, paralegals, or legal assistants, and their support staff and clerical personnel who are actively engaged in the conduct of these actions;

(c) The author, addressees, or recipients of a document or electronically stored information, or any other person who would have had access to such information by virtue of their employment;

(d) Any witness at a deposition or trial, and counsel for that witness, but only in connection with testimony in these actions, and provided that: (i) the Disclosing Party may advise the witness of this order on the record; and (ii) the Confidential Information is not left in the possession of the witness without consent by the Disclosing Party, or order of the Court. The Disclosing Party shall be responsible for arranging for a deponent, and counsel for that deponent, to have appropriate access to any Confidential Information used as a deposition exhibit, as necessary to provide a deponent an appropriate opportunity to review the transcript or recording of a deposition in accordance with Federal Rule of Civil Procedure 30(e).

(e) Third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system, but only to the extent reasonably necessary to render such services;

(f) The Court, its officials involved in these actions, judicial clerks, and other support staff, court reporters, and any special masters appointed by the Court;

(g) Any mediator selected by the parties to mediate this action, and that mediator's support staff, legal assistants, and clerical personnel;

(h) Expert witnesses or consultants retained by the parties or their respective counsel in connection with these actions, and any employees of such experts or consultants who are assisting them, subject to the applicable limitations in ¶ 18 below; and

(i) Other individuals, upon written agreement of the parties.

Individuals specified in sub-paragraphs (a), (h), and (i) must sign the Acknowledgement before he or she is given access to, or provided copies of, any Confidential Information. Counsel shall retain copies of the signed "Acknowledgement" forms until the completion of the above-

captioned litigation. Any person receiving Confidential Information is enjoined from disclosing that material to any other person, except in conformance with this Order. A list shall be maintained by counsel for the parties hereto of the names of all persons (except those enumerated in (b)-(g) above) to whom any Confidential Information is disclosed, or to whom the information contained therein is disclosed.

**11. Additional Limitations for Certain Discovery**. Nothing in this Protective Order shall prevent the parties from seeking a higher level of protection for specifically designated Discovery, either through agreement between the parties or by Court order, if they reasonably and in good faith believe that the provisions of this Order are insufficient to protect that Discovery.

**12. Return of Confidential Information.** Upon the conclusion of these actions, including any appeal, all Receiving Parties shall destroy all Confidential Information (including copies) in their possession, custody, or control (including Confidential Information in the possession, custody, or control of their respective expert witnesses and/or consultants). Notwithstanding the foregoing: (i) attorney work product, attorney-client communications, and information derived from Confidential Information, including transcripts of testimony and exhibits thereto, may be retained by counsel for the Receiving Party; and (ii) counsel for the Receiving Party may retain an archival copy of all pleadings and correspondence that contain Confidential Information, subject to the provisions of this Protective Order.

**13. Public Documents.** None of the restrictions set forth in this Protective Order shall apply to any information or Discovery in the public domain or information or Discovery that becomes public knowledge by means not in violation of the provisions of this Protective Order. Nothing in this Protective Order shall prevent a Receiving Party from using any information that the Receiving Party properly possesses prior to receipt of any Confidential Information from the Disclosing Party, or that is or was discovered or obtained independently by the Receiving Party.

**14. Court Procedures – Filing Under Seal.** Any party seeking to file pleadings or other documents with the Court that contain any other Disclosing Party's Confidential Information may do so only if (i) reasonably necessary to the pleadings or other documents, and (ii) such party takes all reasonable steps to file or lodge, as the case may be, Confidential Information under seal in compliance with applicable case law and the Federal Rules of Civil Procedure, including Rule 26(c) and CR 5(g).

(a) If the party intending to file Confidential Information ("Filing Party") is not the Disclosing Party, the Filing Party may meet and confer with the Disclosing Party prior to filing Confidential Information, to discuss redaction or other potential means of lifting the Confidential designation from the Discovery it intends to file.

(b) If Filing Party chooses not to meet and confer prior to filing, or if the Disclosing Party does not agree to lift the Confidential designation from the Discovery to be filed, then the Filing Party shall file a motion to seal pursuant to CR 5(g)(2)-(5) contemporaneous with the filing of the Confidential Information. In that event, the sole obligation of the Filing Party shall be to submit a motion to seal that references this Order. It shall be the obligation of the Disclosing Party to make the showing required by CR 5(g) for sealing the document(s), in a motion that must be filed ten (10) court days after the Filing Party's motion to seal.

(c) Any motion to seal filed under any subsection of this paragraph shall be noted for consideration fifteen (15) court days after filing. The clerk of the Court shall maintain the Confidential Information under seal until the Court rules on the motion to seal, in accordance with the requirements of CR 5(g). If the Disclosing Party does not file the motion required under ¶ 14(b), above, then the seal may be lifted from the Confidential Information *sua sponte*, or by motion of the Filing Party.

**15. Denial of a Motion to Seal.** In the event that the Court denies the motion to seal, the clerk of the Court shall leave the documents under seal for a period of two (2) court days after the date of the Court's denial of the motion to seal. Within that two (2) day period, the filing party may, at its option, file replacement documents that do not contain Confidential

Information, in which case the documents initially filed under seal shall be returned to the filing party and not be considered by the Court. If the filing party does not file replacement documents within the time period prescribed by this paragraph, the material shall be unsealed in the Court file.

**16.     Failure to File a Motion to Seal.** If the filing party fails to file Confidential Information under seal, or take corrective action within three (3) days of notification of the Disclosing Party, the Disclosing Party may move that the Court place the protected Confidential Information under seal.

**17.     Use of Confidential Information during Testimony.** Any person may be examined as a witness at trial or during a deposition concerning any Confidential Information in accordance with the requirements set forth in ¶ 10 above. The Disclosing Party shall have the right to exclude all persons not authorized to have access to information and materials that have been designated Confidential Information from the room where the deposition is being conducted only during that portion of the deposition in which Confidential Information is being disclosed or discussed.

**18.     Disclosing Confidential Information to Experts.** Any outside consultant or expert for any of the parties must execute the Acknowledgement before any Confidential Information is disclosed to him or her. If any outside consultant or expert that is currently employed by or under contract with a company or companies other than Cell Therapeutics that is engaged in the development of drugs or therapies intended for use in treatment of oncologic diseases and/or multiple sclerosis that would compete with drugs or therapies under development by Cell Therapeutics, or is in negotiations regarding the formation of such a relationship to do so in the future, the Receiving Party will notify Cell Therapeutics of that relationship and provide a current resume or curriculum vitae and list of companies for which the consultant or expert has done such work in the past five (5) years, as well as non-confidential facts regarding any such present or contemplated work for other companies in the future sufficient to provide Cell Therapeutics a reasonable basis to evaluate the risks of misappropriation or other misuse of its

Confidential Information by the outside consultant or expert, if any. Cell Therapeutics will have ten (10) days from the date of the disclosure to object to the disclosure of its Confidential Information to the consultant or expert. The expert or consultant will be precluded from receiving all Confidential Information until that objection is resolved by agreement or order of the Court after submission of the issue pursuant to CR 37(a)(2)(B). Exhibit B contains a non-exclusive list of companies (in addition to their affiliates and subsidiaries) that defendants contend are engaged in the development of drugs or therapies intended for use in the treatment of oncologic diseases and/or multiple sclerosis that would compete with drugs or therapies under development by Cell Therapeutics.

**19. No Implied Waiver or Admission.** No party shall be obligated to challenge the appropriateness of any confidentiality designation by another party or non-party, and the failure to do so shall not constitute a waiver or otherwise preclude a challenge to the designation at a later time. Entering into the Protective Order, or producing or receiving information or material designated as Confidential Information under this Protective Order, or otherwise complying with the terms of the Protective Order, shall not:

(a) Operate as an admission by any party that: (i) any Confidential Information contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information; or (ii) the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular Confidential Information;

(b) Prejudice in any way the rights of the parties to: (i) object to the production of discovery they consider inappropriate or consider privileged; (ii) object to the authenticity or admissibility of evidence of any discovery; (iii) seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order; (iv) seek to amend or agree to amend (or waive) the provisions or protections of this Protective Order; or (v) petition the Court for a further protective order related to any purportedly Confidential Information.

**20. Other Legal Proceedings.** If a party or non-party (i) is subpoenaed in another action, (ii) is served with a discovery demand in another action to which it is a party, and/or (iii) is served with any other legal process by a non-party, seeking Confidential Information for which it was not the Disclosing Party, that party shall give actual written notice, by email, return receipt requested, within five (5) days of receipt of such subpoena, demand or legal process, to the Disclosing Party's counsel. If such party is given less than 15 days after receipt to comply with such subpoena, demand, or legal process, the party shall object to such timing, and set forth the existence of this Protective Order. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Once notification is given to the Disclosing Party pursuant to this provision, the Disclosing Party shall bear the burden of challenging the subpoena, demand or other legal process.

**21. Agreement to be Bound.** All counsel for the parties who have access to Confidential Information under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order. Nothing in this agreement shall prevent a party seeking to enforce this Order from doing so through any appropriate legal means, including through contempt of court proceedings, by seeking sanctions as provided in Federal Rule of Civil Procedure 37(b), or through other actions asserting liability for damages caused by the misuse of Confidential Information.

**22. Inadvertent Production and Claims of Privilege.** The parties agree to be governed by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b) regarding inadvertent production and claims of privilege. The parties shall comply with their ethical and legal obligations concerning the actual or apparent inadvertent production of privileged or protected information, including by notifying promptly a Disclosing Party when appropriate. If a Disclosing Party has a good faith belief that a privileged or work-product

protected document has been inadvertently produced, it shall promptly notify the receiving parties ("Claim of Privilege"). In connection with this provision, the parties shall comply with their ethical and legal obligations concerning the actual or apparent inadvertent production of privileged work-product protected information, including their obligation to promptly notify a Disclosing Party if appropriate. Upon receipt of any Claim of Privilege with respect to a produced document, all other parties (regardless of whether they agree with the Disclosing Party's claim of privilege or work-product protection) shall promptly:

(a) use reasonable efforts to destroy or sequester all copies of inadvertently produced documents or material in such parties' possession, custody, or control, and notify the Disclosing Party that they have done so; and

(b) notify the Disclosing Party that they have taken reasonable steps to retrieve and destroy or sequester the inadvertently produced documents or material from other persons, if any, to whom such documents or material have been provided, consistent with Federal Rule of Civil Procedure 26(b)(5)(B).

A party disputing a Claim of Privilege shall notify the Disclosing Party of its position ("Dispute Notification") within five (5) business days of receiving the Claim of Privilege. Within five (5) business days of receiving the Dispute Notification, the Disclosing Party shall either withdraw its Claim of Privilege or the parties shall meet and confer in an effort to resolve their dispute. If the parties cannot resolve their disagreement, they shall cooperate in presenting the dispute to the Court as set forth in CR 37. The Disclosing Party shall provide the Receiving Party with its draft of the joint statement contemplated by CR 37 within seven (7) business days of the parties' conference concerning the assertion of privilege or work-product protection. It is the Disclosing Party's burden to establish the application of a valid privilege or discovery exemption. In arguing issues concerning the asserted privilege or work-product protection, no party shall claim a waiver by reason of the production of any documents produced in connection with these actions.

**23.     Modification of this Protective Order.**  Any party to this lawsuit may seek an order of the Court to modify the terms of this Protective Order, or seek protections in addition to those provided for here.

**24.     Prior Orders.**  This Protective Order shall not affect any prior order of the Court. The terms for the treatment of Confidential Information pursuant to the Protective Order shall be effective only upon the entry of this Protective Order.

**25.     Jurisdiction.**  This Court shall retain jurisdiction over this Order, including any proceedings relating to performance under or compliance with the Order.  Individuals who receive Confidential Information shall be subject to this Order and to the jurisdiction of this Court concerning this Order.

The parties to this stipulation request that the Court enter the Order below.

Dated: July 27, 2011

/s/ Douglas J. Clark
Douglas J. Clark (admitted *pro hac vice*)
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304
Telephone:  (650) 493-9300
Facsimile:   (650) 493-6811
Email:  dclark@wsgr.com

Barry Kaplan, WSBA #8661
Claire Loebs Davis, WSBA #39812
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Telephone:  (206) 883-2500
Facsimile:   (206) 883-2699
Email:  bkaplan@wsgr.com
Email: cldavis@wsgr.com
*Attorneys for Defendants*
*Cell Therapeutics, Inc., Dr. James Bianco, Louis Bianco, Craig Philips, John H. Bauer, Dr. Vartan Gregorian, Richard L. Love, Jack W. Singer, Mary O. Mundinger, Dr. Phillip M. Nudelman, Dr. Jack W. Singer and Dr. Frederick W. Telling*

Dated: July 27, 2011

/s/ Dan Drachler
Dan Drachler, WSBA #27728
**ZWERLING, SCHACHTER & ZWERLING, LLP**
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Telephone: (206) 223-2053
Facsimile: (206) 343-9636
Email: ddrachler@zsz.com

David A.P. Brower
Caitlin M. Moyna
John D.S. Grant
**BROWER PIVEN**
488 Madison Avenue, Eighth Floor
New York, NY 10022
Telephone: (212) 501-9000
Facsimile: (212) 501-0300

*Attorneys for the CTIC Investor Group and Lead Attorneys for the Class*

Dated: July 27, 2011

/s/ Clifford A. Cantor
Clifford A. Cantor, WSBA #17893
**LAW OFFICES OF CLIFFORD A. CANTOR, P.C.**
627 208th Avenue, SE
Sammanish, WA 98074
Telephone: (425) 868-7813
Email: cacantor@comcast.net

Craig Smith (admitted *pro hac vice*)
**ROBBINS UMEDA LLP**
600 B. Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Email: csmith@robbinsumeda.com

William Federman (admitted *pro hac vice*)
**FEDERMAN & SHERWOOD**
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Email: wbf@federmanlaw.com

*Co-Lead Attorneys for Consolidated Derivative Plaintiffs*

# PROTECTIVE ORDER

Upon stipulation of the parties and for good cause appearing, and pursuant to Rules 26(c) and 29 of the Federal Rules of Civil Procedure, IT IS SO ORDERED.

*[signature]*
Marsha J. Pechman
United States District Judge

Presented by:

/s/ Douglas J. Clark
Douglas J. Clark (admitted *pro hac vice*)
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
Email: dclark@wsgr.com

Barry Kaplan, WSBA #8661
Claire Loebs Davis, WSBA #39812
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500
Facsimile: (206) 883-2699
Email: bkaplan@wsgr.com
Email: cldavis@wsgr.com

*Attorneys for Defendants Cell Therapeutics, Inc., Dr. James Bianco, Louis Bianco, Craig Philips, John H. Bauer, Dr. Vartan Gregorian, Richard L. Love, Jack W. Singer, Mary O. Mundinger, Dr. Phillip M. Nudelman, Dr. Jack W. Singer and Dr. Frederick W. Telling*

/s/ Dan Drachler
Dan Drachler, WSBA #27728
**ZWERLING, SCHACHTER & ZWERLING, LLP**
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Telephone: (206) 223-2053
Facsimile: (206) 343-9636
Email: ddrachler@zsz.com

David A.P. Brower
Caitlin M. Moyna
John D.S. Grant
**BROWER PIVEN**
488 Madison Avenue, Eighth Floor
New York, NY 10022
Telephone: (212) 501-9000
Facsimile: (212) 501-0300

*Attorneys for the CTIC Investor Group and Lead Attorneys for the Class*

/s/ Clifford A. Cantor
Clifford A. Cantor, WSBA #17893
**LAW OFFICES OF CLIFFORD A. CANTOR, P.C.**
627 208th Avenue, SE
Sammanish, WA 98074
Telephone: (425) 868-7813
Email: cacantor@comcast.net

Craig Smith (admitted *pro hac vice*)
**ROBBINS UMEDA LLP**
600 B. Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Email: csmith@robbinsumeda.com

William Federman (admitted *pro hac vice*)
**FEDERMAN & SHERWOOD**
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Email: wbf@federmanlaw.com

*Co-Lead Attorneys for Consolidated Derivative Plaintiffs*

# ACKNOWLEDGMENT

I have been informed that on _____, 2011, the U.S. District Court for the Western District of Washington at Seattle entered a STIPULATED PROTECTIVE ORDER in *In re Cell Therapeutics, Inc. Class Action Litigation,* Case No. 10-CV-0414-MJP and *In re Cell Therapeutics Derivative Litigation*, Case No. 10-CV-0564. I have read the STIPULATED PROTECTIVE ORDER, I agree to abide by the obligations of the STIPULATEDPROTECTIVE ORDER as they apply to me, and I voluntarily submit to the jurisdiction of the U.S. District Court for the Western District of Washington for purposes of any proceeding related to the STIPULATED PROTECTIVE ORDER, including my receipt or review of information that has been designated as CONFIDENTIAL.

_____
(Signature)

_____
(Printed Name)

_____
(Title or Position)

_____
(Company)

_____
Dated:

# **EXHIBIT B**

1. Amgen, Inc.
2. AstraZeneca, PLC
3. Bayer Healthcare Pharmaceuticals
4. Biogen Idec, Inc.
5. Bristol-Myers Squibb Company
6. Cephalon, Inc.
7. Eli Lilly and Company
8. F. Hoffmann-La Roche Ltd.
9. Gilead Sciences, Inc.
10. GlaxoSmithKline PLC
11. Johnson & Johnson
12. Merck & Co., Inc.
13. Novartis AG
14. Pfizer, Inc.
15. Seattle Genetics, Inc.
16. Spectrum Pharmaceuticals, Inc.
17. Teva Pharmaceutical Industries, Ltd.

# CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2011, I caused to be served the Stipulated [Proposed] Protective Order, via electronic mail, upon the following parties:

David A.P. Brower
**BROWER PIVEN**
488 Madison Avenue, Eighth Floor
New York, NY 10022
brower@browerpiven.com

Dan Drachler
**ZWERLING, SCHACHTER & ZWERLING, LLP**
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
ddrachler@zsz.com

Clifford A. Cantor
**LAW OFFICES OF CLIFFORD A. CANTOR, P.C.**
627 208th Avenue, SE
Sammanish, WA 98074
cacantor@comcast.net

Craig Smith
**ROBBINS UMEDA LLP**
600 B. Street, Suite 1900
San Diego, CA 92101
csmith@robbinsumeda.com

William Federman
**FEDERMAN & SHERWOOD**
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
wbf@federmanlaw.com

Dated:   July 26, 2011                   s/Claire Loebs Davis
                                         Claire Loebs Davis