The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| In re CELL THERAPEUTICS, INC., DERIVATIVE LITIGATION | Master Docket No. C 10-564 MJP |
| This Document Relates To:<br><br>ALL ACTIONS | **ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |

ORDER PRELIMINARILY APPROVING
SETTLEMENT
Master Docket No. C 10-564 MJP

1   Plaintiffs, the Individual Defendants and nominal party Cell Therapeutics, Inc. ("CTI")
2  have made application, pursuant to Federal Rule of Civil Procedure 23.1 ("Rule 23.1"), for an
3  order: (i) preliminarily approving the Settlement of the above-captioned Action, in accordance
4  with the Stipulation of Settlement dated November 6, 2012 (the "Stipulation"), which, together
5  with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement
6  of the Action and dismissal of the Action with prejudice; and (ii) approving the form and content
7  of the Summary Notice of Pendency and Proposed Settlement of Action ("Summary Notice") for
8  publication and the Notice of Pendency and Proposed Settlement of Action ("Notice") for filing
9  by CTI with the U.S. Securities and Exchange Commission ("SEC") and posting, along with the
10 Stipulation, on CTI's website.

11  After review and consideration of the Stipulation filed with the Court and the exhibits
12 annexed thereto, and after due deliberation,

13  IT IS HEREBY ORDERED that:

14  1.  The Court, for purposes of this order, adopts all defined terms as set forth in the
15 Stipulation.

16  2.  The Court hereby preliminarily approves, subject to further consideration at the
17 Settlement Hearing described below, the Stipulation and the Settlement set forth therein,
18 including the terms and conditions for settlement and dismissal with prejudice of the Action.

19  3.  A hearing (the "Settlement Hearing") shall be held before this Court on **_March
20 22_, 2013, at _10:00_ a.m.** to determine: (i) whether the Settlement of the Action on the terms
21 and conditions provided for in the Stipulation is fair, reasonable, and adequate to CTI and
22 Current CTI Shareholders, and should be finally approved by the Court; (ii) whether the Notice
23 fully satisfied the requirements of Rule 23.1 and the requirements of due process; (iii) whether a
24 Judgment as provided in, and attached as Exhibit E to the Stipulation should be entered,
25 dismissing the Action with prejudice; (iv) whether all Released Claims against the Released
26 Persons should be fully and finally released; (v) the amount of attorneys' fees and expenses to be

ORDER PRELIMINARILY APPROVING
SETTLEMENT
Master Docket No. C 10-564 MJP           - 1 -

1  paid to Plaintiffs' Counsel for their efforts in connection with the litigation; (vi) whether, and in
2  what amount, the Plaintiffs are entitled to incentive awards for their efforts in connection with
3  the litigation; and (vii) to rule upon such other matters as the Court may deem appropriate.

4       4.      The Court approves, as to form and content, the Summary Notice and the Notice
5  attached as exhibits to the Stipulation and finds that the publication of the Summary Notice and
6  the filing and posting of the Notice, substantially in the manner and form set forth in this order,
7  constitutes adequate and reasonable notice to Current CTI Shareholders pursuant to Rule 23.1
8  and the requirements of due process.  Non-material changes to the form of Notice and Summary
9  Notice may be made without further approval of the Court.

10     5.     If for any reason the Effective Date of the Settlement, as defined in paragraph 6.1
11  of the Stipulation, does not occur, the Stipulation, including any amendment(s) thereof, shall,
12  without the need for further action by the Court or any of the Settling Parties, be null and void, of
13  no further force or effect, and without prejudice to any party, and may not be introduced as
14  evidence or referred to in any actions or proceedings by any person or entity.  Each party shall be
15  restored to his, her, or its respective position as it existed as of November 6, 2012.

16     6.     No later than ten calendar days following entry of this order, CTI shall cause the
17  Summary Notice, substantially in the form annexed as Exhibit D to the Stipulation, to be
18  published once in *Investor's Business Daily*, and shall cause a copy of the Notice, substantially
19  in the form annexed as Exhibit C to the Stipulation, to be filed with the SEC via Form 8-K.

20     7.     No later than ten calendar days following entry of this order, CTI shall cause the
21  Notice and the Stipulation to be posted on the "Investors" section of CTI's website.

22     8.     No later than fourteen calendar days before the Objection Deadline described in
23  ¶11 below, Plaintiffs and Plaintiffs' Counsel shall file and serve (1) their motion in support of
24  final approval of the Settlement, and (2) their application for an award of fees and reimbursement
25  of expenses in connection with the Action (the "Fee and Expense Application").

26

ORDER PRELIMINARILY APPROVING
SETTLEMENT
Master Docket No. C 10-564 MJP       - 2 -

9. No later than the Objection Deadline, Defendants shall file and serve their opposition papers, if any, to the Fee and Expense Application.

10. Any Current CTI Shareholder may object and/or appear and show cause, if he, she or it has any concern as to why the Settlement of the Action should not be approved as fair, reasonable, and adequate, why the Judgment should not be entered thereon, or as to the amount of compensation and reimbursement to Plaintiffs' Counsel.

11. Unless otherwise ordered by the Court, no Current CTI Shareholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or Plaintiffs' Fee and Expense Application, unless that shareholder has, ***at least twenty-one calendar days prior to the Settlement Hearing*** (the "Objection Deadline"): (i) filed with the Clerk of the Court for the U.S. District Court for the Western District of Washington, 700 Stewart Street, Seattle, Washington 98101, a written objection to the Settlement or any of its terms, including the Fee and Expense Application, setting forth: (a) the nature of the objection; (b) proof of current ownership of CTI common stock, including the number of shares of CTI common stock and the date of purchase; and (c) any documentation in support of such objection; and (ii) if a Current CTI Shareholder intends to appear and requests to be heard at the Settlement Hearing, such shareholder must have, in addition to the requirements of (i) above, filed with the Clerk of the Court: (a) written notice of such shareholder's intention to appear; (b) a statement that indicates the basis for such appearance; and (c) the identities of any witnesses the shareholder intends to call or evidence the shareholder intends to present at the Settlement Hearing and the subjects of their testimony. If a Current CTI Shareholder files a written objection and/or written notice of intent to appear, such shareholder must also simultaneously serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such shareholder files with the Court (either by hand delivery or by first class mail) upon each of the following thereof:

ORDER PRELIMINARILY APPROVING
SETTLEMENT
Master Docket No. C 10-564 MJP            - 3 -

| | |
|---|---|
| ROBBINS UMEDA LLP<br>Attn: Craig W. Smith<br>600 B Street, Suite 1900<br>San Diego, CA 92101<br><br>FEDERMAN & SHERWOOD<br>Attn: Sara E. Collier<br>10205 North Pennsylvania Avenue<br>Oklahoma City, OK 73120<br><br>*Co-Lead Counsel for Plaintiffs* | WILSON SONSINI<br>  GOODRICH & ROSATI<br>Attn: Barry M. Kaplan<br>701 Fifth Avenue, Suite 5100<br>Seattle, WA 98104<br><br>*Counsel for CTI and the Individual Defendants* |

Any Current CTI Shareholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement and/or the Fee and Expense Application, unless otherwise ordered by the Court, and shall otherwise be bound by the Judgment to be entered and the releases to be given.

12. No later than seven calendar days prior to the Settlement Hearing, CTI shall serve on all counsel and file with the Court proof, by affidavit or declaration, of the publication of the Summary Notice in *Investor's Business Daily*, the filing of the Notice on Form 8-K with the SEC, and the posting of the Notice and Stipulation on its website.

13. No later than seven calendar days prior to the Settlement Hearing, the Settling Parties shall file and serve their responses to objections, if any, from Current CTI Shareholders, and Plaintiffs shall file and serve their reply, if any, in further support of their Fee and Expense Application and motion in support of final approval of the Settlement.

14. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Individual Defendants and/or the Related Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Individual Defendants and/or the Related Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

ORDER PRELIMINARILY APPROVING
SETTLEMENT
Master Docket No. C 10-564 MJP            - 4 -

CTI, the Individual Defendants, and/or the Related Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15.   This order, the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this order and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind or character in the United States or any other country except as necessary to enforce the terms of this order and/or the Settlement.

16.   The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to the Current CTI Shareholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

IT IS SO ORDERED.

DATED:
December 26, 2012

*[signature]*

Marsha J. Pechman
United States District Judge

781429
ORDER PRELIMINARILY APPROVING
SETTLEMENT
Master Docket No. C 10-564 MJP                            - 5 -